■ TRUMANSBURG CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v FREDERICK E. CHALONE, Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Yesawich, Jr., J.), entered September 22, 1980 in Tompkins County, which (1) granted plaintiff's motion dismissing defendant's first and third affirmative defenses and third counterclaim, and (2) denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. This is an action to recover salary and other benefits paid to defendant, an industrial arts teacher, by plaintiff while defendant was on sabbatical leave. Special Term denied each party summary judgment and granted plaintiff's motion in part so as to dismiss the first and third affirmative defenses and third counterclaim. These appeals ensued. At all times herein pertinent there was in existence a contract negotiated between plaintiff and the Trumansburg Central School Teachers' Association which provided for sabbatical leave for qualifying teachers. Defendant qualified and elected to take a sabbatical leave for the 1977-1978 school year. Prior to the commencement of the next school year, defendant tendered his resignation and accepted an administrative position with another school system. The pertinent provision of the contract provides as follows: "Upon expiration of leave, the teacher will be restored to full-time professional employment within his or her tenure area, unless the Board and the teachers mutually agree to an assignment to another area. The teacher shall agree in writing that in the event of his failure to return to employment at Trumansburg Central School or his voluntary resignation therefrom before two (2) years after the termination of his or her sabbatical leave, the teacher will repay the amount of the gross pay, plus retirement costs, social security and health insurance paid by the Board such repayment to be made over a period of not more than five (5) years or in a lump sum at the teacher's discretion." From our examination of the contract, together with defendant's letter of January 8, 1979 expressing his intention to repay plaintiff pursuant to the contract, we are of the view that Special Term properly dismissed the first affirmative defense which alleged that defendant did not at any time agree in writing to repay the amount set forth in the contract as required by the contract. Defendant's third affirmative defense that he was replaced during his leave by a CETA employee is not relevant

insofar as his contractual obligation to repay is concerned and, therefore, this affirmative defense was also properly dismissed. Since plaintiff has demonstrated that it has a valid cause of action, the third counterclaim for abuse of process was properly dismissed. Concerning the remaining affirmative defenses and counterclaims left standing by Special Term, we are of the opinion that they are meritless. The second affirmative defense is, as noted by Special Term, based purely on conclusory allegations. Moreover, plaintiff's affidavit and defendant's letter of resignation establish that defendant's decision to terminate his employment with the school district was voluntary. The fourth affirmative defense is irrelevant since plaintiff concedes that no interest is due if defendant makes the repayment as required by the contract. The first and second counterclaims simply do not state causes of action. Order modified, on the law, by granting in its entirety plaintiff's motion to dismiss all affirmative defenses and counterclaims and by granting plaintiff's motion for summary judgment, and, as so modified, affirmed, with costs to plaintiff. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.